# IN THE SUPREME COURT OF THE STATE OF NEVADA

JACQUIE SCHAFER, A/K/A JACKIE MIHAE NAPOLI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73334

FILED

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count each of conspiracy to commit robbery and/or murder, robbery (victim 60 years of age or older), first-degree murder (victim 60 years of age or older), and forgery, and two counts of burglary. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Jacquie Schafer shared an apartment with the victim, and she decided to move out after a dispute arose between them. Schafer's boyfriend, Will Sitton, and Sitton's brother, Robert, agreed to help. On the day of the move, neighbors testified that the group was acting suspiciously and seemed to be in a bit of a panic. Neighbors further testified that they never saw the victim again after Schafer moved out. His body was later found decomposing in the apartment. Robert cooperated with police, and after pleading guilty, testified at trial that he robbed and beat the victim with Sitton and Schafer. Schafer raises three claims on appeal. We conclude that none warrant relief and therefore affirm the judgment of conviction.

First, Schafer contends that insufficient evidence connected her to the offenses absent Robert's testimony. We disagree. "A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which in itself, and without the aid of the

19-02823

testimony of the accomplice, tends to connect the defendant with the commission of the offense." NRS 175.291(1). Here, other evidence connected Schafer to the offenses. In addition to the neighbors' testimony, and Schafer's own statements, Schafer's blood was found in the apartment, and the victim's car was found near her mother's house. Schafer also fraudulently cashed a check written from the victim's account shortly after the murder. Considering this evidence, and other evidence introduced at trial, sufficient evidence tended to connect her to the robbery and murder so as to corroborate Robert's testimony. *See Cheatham v. State*, 104 Nev. 500, 504-05, 761 P.2d 419, 422 (1988) ("Corroboration evidence need not be found in a single fact or circumstance and can, instead, be taken from the circumstances and evidence as a whole.").

Second, Schafer contends that the district court abused its discretion when it refused to sever her trial from Sitton's because it precluded her from presenting evidence that he abused her, which would have been admissible at a separate trial. Assuming, without deciding, that the evidence Schafer sought to elicit was admissible, we nevertheless conclude that no relief is warranted. Although the district court initially limited Schafer's ability to question a witness regarding these matters, it eventually gave her unfettered permission to present evidence regarding the alleged abuse. Thus, Schafer was not precluded from presenting evidence supporting her defense, nor was she prejudiced by the district court's decision not to sever the trials. *See* NRS 174.165(1) (a district court may order a severance if it appears a defendant would be prejudiced); *see also Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002) (prejudice may arise when there is a serious risk that a joint trial would compromise a defendant's rights). Accordingly, she fails to demonstrate that the district

court abused its discretion by denying her severance motions. *See Chartier v. State*, 124 Nev. 760, 764, 191 P.3d 1182, 1185 (2008).

Third, Schafer contends that the district court erred when it denied her motion to suppress various statements she made to police, which were elicited after she was subjected to a custodial interrogation without the protections afforded by *Miranda v. Arizona*, 384 U.S. 436, 477 (1966). Four factors are relevant for determining whether a suspect was in custody: (1) the site of the interrogation, (2) whether the investigation has focused on the subject, (3) the length and form of questioning, and (4) whether objective indicia of arrest are present. *Rosky v. State*, 121 Nev. 184, 192, 111 P.3d 690, 695 (2005). This court gives deference to a district court's factual findings regarding the circumstances surrounding an interrogation, but reviews the legal conclusion of whether a suspect was in custody de novo. *Id.* at 190, 111 P.3d at 694.

Schafer fails to demonstrate that she is entitled to relief. According to Schafer, she was pulled over while driving her car on November 16, 2009, and was transported to the police station. Later, she was transported to her mother's house and then to Sitton's apartment. Schafer also claims that she was questioned at the police station on December 17, 2009, and January 12, 2010. Yet despite asserting that she was with law enforcement at different locations, on different dates, under varying circumstances, Schafer does not adequately explain whether she was subjected to a custodial interrogation during each of these encounters, nor does she separately discuss and apply the factors identified above to each alleged interrogation. Moreover, it appears that the district court held an evidentiary hearing on Schafer's motion to suppress the statements, but she does not discuss the basis of the district court's decision, nor whether

the district court made any relevant factual findings.[1] It also does not appear that Schafer has included transcripts of her statements or any videos of her interrogation(s) for our review. Because determining whether a defendant was subjected to a custodial interrogation is a highly fact specific inquiry, Schafer's failure to adequately discuss these issues precludes meaningful review by this court on the merits.

Having concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Douglas Smith, District Judge
Benjamin Durham Law Firm
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]We note that Schafer's testimony regarding her encounters with law enforcement varied wildly from the detectives' testimony.